United States District Court
Southern District of Texas
**ENTERED**
December 29, 2021
Nathan Ochsner, Clerk

United States District Court  Southern District of Texas

| | |
|---|---|
| PetroChina International (America), Inc., §<br>§<br>Plaintiff, §<br>§<br>versus §<br>§<br>BCI Brasil China Importadora e §<br>Distribuidora S.A., §<br>§<br>Defendant. § | Civil Action H-20-3002 |

## Opinion on Dismissal

1. *Facts.*

BCI Brasil China Importadora e Distribuidora, S.A., is a merchant wholesaler of petroleum and its related products in the Brazilian market. Since 2015, BCI has purchased anhydrous ethanol from PetroChina International, Inc.

In January 2020, BCI contacted PetroChina to place another order of ethanol. PetroChina contracted with a supplier, Valero, to fulfill the order. On January 24, PetroChina sent BCI an email with the material terms of the contract, which specified that BCI and PetroChina agreed to arbitrate their claims under New York law. The contract also specified once the product was discharged in Brazil, BCI would have seven days to pay PetroChina. BCI responded that it accepted these terms. On February 6, PetroChina sent BCI a long-form contract, which said that claims would be heard in state or federal court in Harris County, Texas.

PetroChina loaded the ethanol onto a vessel in Galveston, and the vessel departed for Brazil on March 12. On March 24, as the vessel approached Brazil, BCI told PetroChina that it would take longer to sell the ethanol – and pay PetroChina – during the COVID-19 pandemic. PetroChina proposed storing the ethanol in a bonded warehouse until BCI sold the ethanol, paid PetroChina, and took possession. BCI did not respond.

On March 25, BCI told PetroChina that it was terminating the contract because it would not be able to sell ethanol during the COVID-19 pandemic, a force majeure. PetroChina responded that the pandemic was not a force majeure under their agreement. On April 3, a Brazilian attorney for BCI reiterated that it had terminated the agreement and asked PetroChina to refrain from imposing costs on BCI related to the discharge or storage of the ethanol.

PetroChina sued BCI for breach contract. BCI moved to dismiss for (a) lack of jurisdiction, (b) improper venue, and (c) improper service. Alternatively, BCI says it seeks to compel arbitration as required under the original contract.

2. *Long-Form Contract.*

BCI insists PetroChina is bound by the forum selection clause in the original contract. It says the long-form contract is not enforceable because BCI never agreed to a change in the material terms. PetroChina argues that the long-form contract is binding. It says BCI did not object to the forum-selection clause.

Under the Uniform Commercial Code, merchants have a code of conduct that guides their business transactions. After an agreement has been accepted, the code says additional terms in a contract are proposals. The terms become part of the contract unless:

    (a) the offer expressly limits acceptance to the terms of the offer;

    (b) they materially alter it; or

    (c) notification of objection to them has already been given or is given within a reasonable time after notice of them is received.[1]

On January 24, 2020, PetroChina offered and BCI accepted a contract for the sale of ethanol. The contract said New York law would apply with arbitration. On February 6, 2020, PetroChina sent a long-form contract with a new forum-selection clause in Texas and omitted the arbitration agreement. The long-form contract gave BCI two days to reject to the terms of the contract. BCI did not respond.

---

[1] Texas Business & Commercial Code § 2.207

In the first 48 agreements between PetroChina and BCI, PetroChina would send a long-form contract that reflected the terms of the agreement including a New York forum-selection clause with arbitration. In this contract, PetroChina altered the terms of the original contract by adding a new forum-selection clause and removing arbitration. PetroChina says this change was incorporated to meet the suppliers choice of law agreement. PetroChina also says BCI performed under the long-form contract when it sent discharge instructions as required under the long-form contract.

Forum-selection clauses are material terms that require clear acceptance.[2] BCI's and PetroChina's course of business adopted a New York choice of law forum and arbitration clause. BCI did not agree to the Texas choice of law forum or omission of arbitration. BCI's performance of the discharge instructions also does not demonstrate express acceptance under the long-form contract because it was included in the long-form contract.

3. *Jurisdiction.*

BCI moved to dismiss this case for lack of personal jurisdiction. To decide a dispute, the court must have jurisdiction over the defendant. Because BCI does not have a continuous presence in Texas, the court lacks general jurisdiction.

A foreign company may be subject to specific jurisdiction when it purposefully avails itself of the benefits and protections of the state by establishing "minimum contacts." The company must have "minimum contacts" that produce business activity in the state.[3] Jurisdiction must also be reasonable.

BCI says it has not directed its activities toward Texas or availed itself of the laws of Texas. BCI is headquartered in Brazil, and the contract was negotiated in Brazil. PetroChina says BCI has minimum contacts with Texas that allows the court to exercise personal jurisdiction. PetroChina in the United States operates from Houston. The shipment of ethanol departed from the Port of Galveston.

---

[2] *Cunningham v. Fleetwood Homes of Ga., Inc.*, 253 F.3d 611, 621 n. 13 (11th Cir.2001)

[3] *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)

3

BCI has not engaged in "minimum contacts" that produced further business in the Houston area. It does not have representatives nor an office in Houston. PetroChina has failed to make a prima facie showing of BCI's contacts in Texas.

The court must also consider reasonableness in establishing jurisdiction. Although it would be costly to litigate claims in Texas, BCI would suffer the same inconvenience if the claims were litigated in New York. Litigation in Texas would be cheaper than in New York.

Regardless of cost, the original agreement contains an enforceable forum selection clause that requires arbitration in New York. This court does not have jurisdiction over BCI.

4. *Improper Venue.*

The Federal Rules of Civil Procedure permits dismissal where venue is improper.[4] Venue is proper where a substantial part of the events or omissions giving rise to the claim occurred.[5]

The ethanol departed from the Port of Galveston with a destination in Brazil. PetroChina's breach of contract claim arose from BCI's rejection of the product and failure to make payment. PetroChina says a substantial amount of the ethanol was delivered from Texas. It was not substantial because a proportionate amount was delivered to Brazil.

BCI says New York is the proper venue because payment was made to JP Morgan Chase Bank in New York. Mere fund transfers through a state does not satisfy venue requirements.

The applicable forum-selection clause will determine the proper venue.

---

[4] Fed.R.Civ.P. 12(b)(3)

[5] 29 U.S.C. 1391(b)(2)

5.  *Improper Service.*

Jurisdiction must be supported by proof of service. BCI said it was not properly served. Article 6 of the Hague Service Convention requires the Central Authority of the State to give proof of service in a certificate. This requires the foreign agency to identify the method, the place, and the date of service and the person to whom the document was delivered.

On December 10, 2020, BCI received a notice of suit from Brazil's Minister of the Superior Court of Justice. Although the Minister included a link for BCI in the letter, it did not attach a complaint. This still gave BCI sufficient notice to satisfy due process.

PetroChina is unable to show an official certificate confirming service. It insists service was proper because the Brazilian Ministry confirmed that it had effectuated service of process under Brazilian law.

Formalistic challenges to service are unwarranted in this case. The Hague Convention is read in conjunction with Rule 4 of the Federal Rules of Civil Procedure. Rule 4 stresses actual notice. BCI had sufficient notice such that no injustice would result. PetroChina made a good faith attempt to comply with the Convention. Because the Ministry confirmed the service of process and the letter rogatory included a link to the complaint, service was proper.

6.  *Conclusion.*

PetroChina materially altered the agreement when it included a new forum-selection clause and removed arbitration. Based on the companies course of business, arbitration was favored in 48 transactions. The claims must be arbitrated in New York. This case is dismissed.

Signed on December 29, 2021, at Houston, Texas.

N. Hughes
Lynn N. Hughes
United States District Judge